# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50362<br>98 C 50042 | **DATE** | 11/19/2002 |
| **CASE TITLE** | Jefferson, et al. vs. Ingersoll, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' motion for post-judgment fees and expenses

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Cases 99 C 50362 and 98 C 50042 are consolidated for purposes of this Memorandum Opinion and Order. For the reasons stated on the reverse Memorandum Opinion and Order, plaintiffs' motion for an award of post-judgment fees and expenses is granted in part and denied in part. Plaintiff is awarded $9965.00 in fees and $2201.14 in costs, for a total of $12,166.14.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

# MEMORANDUM OPINION AND ORDER

On July 13, 2001, this court entered a consent decree and judgment in these consolidated cases. This order takes up the private plaintiffs' motion for an award of post-judgment attorney's fees and expenses. It is undisputed that, by virtue of the consent decree, plaintiffs are "prevailing parties" under 42 U.S.C. § 1988. Case law also makes it clear that § 1988 applies to the post-remedial phase of a case as well as the pre-judgment phase. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 559 (1986); Jenkins v. Missouri, 127 F.3d 709, 716-17 (8th Cir. 1997); People Who Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1310 (7th Cir. 1996). With that, the court turns to defendants' specific objections to plaintiffs' motion.

First, defendants argue the court should deny plaintiffs' motion because of defendants' "dire" and "precarious" financial condition, despite the fact that the Seventh Circuit has said categorically a defendant's ability to pay is *not* relevant to an award of attorney's fees under § 1988. See Simpson v. Sheahan, 104 F.3d 998, 1003 (7th Cir. 1997); Entertainment Concepts, Inc. v. Maciejewski, 631 F.2d 497, 507 (7th Cir. 1980), cert. denied, 450 U.S. 919 (1981). Defendants' attempts to distinguish these cases and its reliance on cases from U.S. District Courts outside the Seventh Circuit are, to say the least, not well-taken.

Moving on, defendants object to certain fees in particular as unnecessary, unreasonable, or excessive. Their primary objection in this regard is 149.5 hours of paralegal time billed by plaintiffs' counsel for returning documents to defendants. The court agrees that plaintiffs are not entitled to compensation for this work. Part of the consent decree specifically required plaintiffs to return all documents defendants disclosed or produced to plaintiffs during the course of the litigation. This same provision further stipulated that the return of the documents would be "[a]t IMMC's [defendants'] transportation cost." Thus, although plaintiffs were obviously aware they would be responsible for going through the tens of thousands of documents that needed to be returned to defendants before they signed the consent decree and the parties agreed defendants would bear the "transportation costs" for returning the documents, nowhere in the consent decree did the parties similarly agree that defendants would pay plaintiffs' paralegal fees for sorting through the documents. Quite the contrary, a separate clause in the consent decree says that "the parties shall bear their own costs *and fees* associated with administration of this Decree," unless specifically stated elsewhere in the decree or expressly ordered by the court. (Consent Decree § XVI) (emphasis added). Because returning discovery documents has little to do with enforcing the substantive terms of the consent decree, and because the decree does not specifically provide for the payment of plaintiffs' legal fees associated with returning the documents, the court finds plaintiffs are not entitled to compensation for those fees. The court thus subtracts a total of $14,202.50 (149.5 x $95.00) from plaintiffs' fee request.

Defendants also complain about a few other minor entries — 6.4 hours charged by plaintiffs' attorneys for reviewing the consultant's first report and drafting a memorandum in response to that report, .2 hours spent drafting a letter regarding the return of the documents, and .6 hours responding to an inquiry from an outside party who believed he had a claim that was covered by the parties' settlement and referring the matter to the EEOC. For the same reasons the court has knocked out the paralegal fees related to returning the documents, it likewise strikes the .2 hours spent drafting a letter on this same subject. None of the parties' submissions, however, identifies *who* in plaintiffs' firm wrote this letter. The court thus gives defendants the benefit of the doubt and assumes it was attorney Bradtke (who has the highest billing rate of all the plaintiffs' attorneys listed in the fee petition). This results in a net reduction of $58.00 (.2 x $290.00). Having reviewed the other two charges, the court finds they are compensable, reasonable, and not excessive.

Finally, defendants make yet another nonmeritorious objection — that plaintiffs should not receive their fees incurred in filing the present motion. This position flies directly in the face of well-established case law to the contrary. See Kurowski v. Krajewski, 848 F.2d 767, 777 (7th Cir.), cert. denied, 488 U.S. 926 (1988). Moreover, the court finds the 16.2 hours spent by plaintiffs' counsel in putting together the fee petition, the joint statement pursuant to Local Rule 54.3, the supporting memorandum, and all of the supporting documents was a reasonable amount of time.

For the reasons stated above, plaintiffs' motion for an award of post-judgment fees and expenses is granted in part and denied in part.